SUDBURY v. PENN WORSTED CO.

(Circuit Court of Appeals, Second Circuit. January 14, 1920.)

No. 132.

1. PLEADING ⚖═339—MOTION TO SUBMIT CERTAIN ISSUES ABANDONMENT OF COUNTERCLAIM.

In action for purchase price of goods sold and delivered, defendant's counterclaim for plaintiff's alleged failure to deliver part of the goods was abandoned by defendant's motion to submit to the jury only the questions whether the goods delivered corresponded to sample or warranty.

2. TRIAL ⚖═139(1)—VERDICT DIRECTED ONLY WHEN CONTRARY VERDICT SHOULD BE SET ASIDE.

A verdict should be directed when, if rendered the other way, the court should set it aside; but, if there is evidence to support an issue tendered by a party, the jury should pass on it, whether it be strong or weak.

3. SALES ⚖═166(5)—DIRECTED VERDICT FOR PURCHASE PRICE SUSTAINED.

Evidence that plaintiff seller delivered yarn, which conformed to sample, etc., held to sustain a directed verdict for the purchase price, although the yarn was probably unsuitable for the knitting purposes for which defendant desired it.

In Error to the District Court of the United States for the Southern District of New York.

Action by the Penn Worsted Company against Edward B. Sudbury. Judgment for plaintiff, and defendant brings error. Affirmed.

Writ of error to judgment at law entered in the District Court for the Southern District of New York. Action for goods sold and delivered; complaint merely alleging an agreed price for certain yarn, its delivery, partial payment, and demand for balance. Defense consisted of two counterclaims; the first alleging that the yarn was by agreement to be fit for the special purpose of knitting gloves, which it was not, and the second asserting that the contract was for a much larger quantity than the deliveries, and that plaintiff below had refused to deliver the rest, to defendant's damage in a sum larger than that sued for. Reply averred that sale was by sample, the goods delivered

corresponded thereto, and that deliveries stopped because defendant refused to perform the conditions imposed on him by contract, viz. paying for what he actually received.

The trial court, after hearing all the evidence, directed a verdict for plaintiff in the amount sued for, and defendant took this writ, assigning for error refusal to send the case to the jury.

Arthur L. Fullman, of New York City, for plaintiff in error.

Melville H. Regensburger, of New York City (Edwin C. Dusenbury, of New York City, of counsel), for defendant in error.

Before WARD, ROGERS, and HOUGH, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). The assignments of error rest on refusal of request to submit to the jury the question whether there was a sale by sample: if there was, whether the deliveries corresponded thereto; and, if there was not, whether the goods delivered conformed to the "warranty, if any."

[1] Whether so general an issue or series of issues could arise under the pleadings may well be doubted, but the motion amounted to an abandonment of the second counterclaim, and an admission that it was Sudbury's act or neglect, and not plaintiff's, that stopped deliveries. Thus the question here is whether the sale was so clearly shown to have been by sample, and the goods so plainly proved to correspond thereto, that the court was justified in directing a verdict.

[2] The legal rule is familiar; a verdict should be directed when, if rendered the other way, the court should set it aside (Patton v. Railway, 179 U. S. 658, 21 Sup. Ct. 275, 45 L. Ed. 361), though it is also true that, if there be evidence to support the issue tendered by a party, it is the right of the jury to pass on it, whether it be strong or weak (Hickman v. Jones, 9 Wall. 201, 19 L. Ed. 551). The distinction thus indicated between the rule of no evidence, and that of weight of evidence, when the scintilla of evidence is discarded, is not always easy to make; but the rule is plain. It is unprofitable to discuss evidence in detail; facts are not precedents, though they create them.

[3] Not only was it assumed by both parties throughout the trial that the sale was by sample, but defendant below produced it, and there was no evidence at all that the yarn did not equal sample. Neither was there any evidence that plaintiff below ever agreed to produce yarn suitable for knitting, much less knitting army gloves, which was what Sudbury wanted it for. It was doubtless true that what plaintiff furnished was poor stuff for knitting; but the Penn Company had never made knitting yarn, war necessities created a greatly increased demand for it, and defendant below (who had a government contract for gloves) sought material wherever he could get it. Plaintiff below told him it knew not the requirements for knitting yarn, but showed a sample of what it could make at the price offered. Sudbury took his chance, and it did not turn out well, but that affords no legal excuse for not paying for what corresponded to sample.

Judgment affirmed, with costs.